# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02539-WYD-MJW

KENNETH MURPHY,

Plaintiff,

v.

THE CITY OF AURORA, a Colorado municipal corporation, and
DANIEL OATES, in his individual capacity and in his official capacity as Chief of the Aurora Police Department,

Defendants.

---

## ORDER
## on

## PLAINTIFF'S MOTION TO AMEND THE FINAL PRETRIAL ORDER
## (Docket No. 53)

---

Three months after the Final Pretrial Conference but over eight months before trial, Plaintiff moved to amend the Final Pretrial Order—seeking to add four witnesses to testify to new (or at least still-developing) facts.  (Docket No. 53.)  Senior Judge Wiley Y. Daniel referred the motion to the undersigned.  (Docket No. 54.)  Although Plaintiff's motion is subject to a high standard—"[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice," Fed. R. Civ. P. 16(e)—the Court will grant the motion because there is more than enough time remaining before trial to allow for the orderly presentation of Plaintiff's added facts/witnesses.

## Background

Plaintiff Kenneth Murphy used to be a Division Chief in Defendant City of Aurora's police department.  He gave testimony at a civil-service disciplinary hearing,

and his boss at the time—Defendant and then-Police Chief Daniel Oates—felt the testimony displayed very poor judgment. Plaintiff was demoted. In September 2013, he sued under 42 U.S.C. § 1983 for what he alleges was retaliation against his First Amendment right to testify at the disciplinary hearing. (*See generally* Docket No. 1.)

This case proceeded through the pretrial process quietly.[1] Defendants' motion for summary judgment has been fully briefed since October 1, 2014. (Docket Nos. 26, 37, & 44.) On October 9, 2014, the parties submitted a proposed pretrial order; the undersigned held a Final Pretrial Conference on October 16, 2014, and entered a Final Pretrial Order later that day. (Docket Nos. 46, 47, & 48.) In the Final Pretrial Order, Plaintiff lists sixteen witnesses; Defendants list no further names, but join in endorsing five of Plaintiff's witnesses. (*Id.*) On November 14, 2014, Judge Daniel set a five-day jury trial to begin on September 28, 2015. (Docket No. 52.)

Meanwhile, Defendant Oates retired as the chief of police. Plaintiff applied for the job on August 7, 2014 (while dispositive motions were being briefed, and two months before the parties submitted their proposed pretrial order). On October 10, 2014 (the day after the parties submitted their proposed pretrial order), Plaintiff found out that he had been cut from the selection process. Over the next few days, Plaintiff learned that the candidates who advanced were (according to Plaintiff) unqualified or less qualified for the job. (*See* Docket No. 53, ¶ 6.)

Plaintiff made no mention of these new facts at the October 16th Final Pretrial Conference. (*See* Docket No. 47.) On January 16, 2015, Plaintiff moved to add four

---

[1] Defendants opted against filing a motion to dismiss; there have been no discovery motions; and aside from summary judgment and the instant motion, there have been no opposed motions of any sort. This information is not particularly relevant—but it is noteworthy, and counsels' conduct has been appreciated.

witnesses who were involved in the selection process for the new police chief; three of these witnesses work for Defendant City of Aurora, and the fourth works for the consulting group that aided in the search. (Docket No. 53, ¶ 5.) Plaintiff does not move (or at least has not yet moved) to amend his Complaint to add these failure-to-promote facts as a new claim or as new damages. Thus far, Plaintiff asserts only that the new facts are further evidence of retaliatory intent/conduct.

## Discussion

The Tenth Circuit's Judge Neil Gorsuch recently explained:

> Final pretrial orders seek to "formulate a trial plan." Fed. R. Civ. P. 16(e). In their complaints and answers lawyers and parties today often list every alternative and contradictory claim or defense known to the law; during discovery they sometimes depose every potential witness still breathing and collect every bit and byte of evidence technology, time, and money will allow. Final pretrial orders seek to tame such exuberant modern pretrial practices and focus the mind on the impending reality of trial. . . . Leaving the reins so loose at the front end of the case requires some method of gathering them up as the end approaches. At trial you just can't argue every contradictory and mutually exclusive claim or defense you were able to conjure in your pleadings: juries would lose faith in your credibility. Neither can you present the millions of documents and the scores of witnesses you were able to dig up in discovery: no sensible judge would tolerate it. Final pretrial orders encourage both sides to edit their scripts, peel away any pleading and discovery bluster, and disclose something approximating their real trial intentions to opposing counsel and the court. . . .
>
> While pretrial orders entered earlier in the life of a case often deal with interstitial questions like discovery staging and motions practice and are relatively easy to amend as a result, a final pretrial order focused on formulating a plan for an impending trial may be amended "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Even that standard isn't meant to preclude any flexibility—trials are high human dramas; surprises always emerge; and no judge worth his salt can forget or fail to sympathize with the challenges the trial lawyer confronts. For all our extensive pretrial procedures, even the most meticulous trial plan today probably remains no more reliable a guide than the script in a high school play—provisional at best and with surprising deviations guaranteed. At the same time, the standard for modifying a final pretrial order is as high as it is to ensure

4

> everyone involved has sufficient incentive to fulfill the order's dual purposes of encouraging self-editing and providing reasonably fair disclosure to the court and opposing parties alike of their real trial intentions.

*Monfore v. Phillips*, ___ F.3d ___, 2015 WL 534774, at *1–2 (10th Cir. Feb. 10, 2015) (internal case citations omitted).

"[T]he burden of demonstrating manifest injustice falls upon the party moving for modification." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). In exercising its discretion under Rule 16(e), the court looks at:

(1) prejudice or surprise to the party opposing trial of the issue;

(2) the ability of that party to cure any prejudice;

(3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and

(4) bad faith by the party seeking to modify the order.

*See id.*; *see also Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1209–13 (10th Cir. 2002) (applying same four factors and concluding that, where a recent Supreme Court case created an affirmative defense and a continuance could be granted to allow the defense to be raised, district court abused its discretion in not allowing amendment).

Defendants argue that Plaintiff's motion fails on all four considerations—asserting that (1) the new failure-to-promote facts are a surprising and prejudicial new legal theory; (2) the prejudice cannot be cured because old witnesses would need to be re-deposed, in addition to the new witnesses; (3) the new witnesses would cause the trial to exceed its currently-scheduled five days; and (4) Plaintiff's bad faith is shown by his failure to bring these new facts to the Court's attention at the Final Pretrial Conference.

The Court disagrees. At present, Plaintiff insists that it is not a new legal claim, but merely new facts establishing retaliatory intent (and perhaps new damages). As to

new facts, Defendant is entitled to move for leave to reopen discovery.  Further, there is no reason to believe that the new facts/witnesses would moot the pending motion for summary judgment.  There is perhaps some risk that the five-day trial may need to become a six-day trial—but the Court does not believe that risk justifies cutting off Plaintiff's right to present potentially relevant evidence.  Perhaps Plaintiff should have mentioned these new facts earlier—but that alone is not enough to find that Plaintiff's motion is brought in bad faith.

At bottom, Plaintiff's motion does not contravene the "dual purposes" of a final pretrial order—reducing a trial to the true issues, and giving the court and opposing parties notice of those true issues, *see Monfore*, *supra*—and it is impossible to believe that the addition of these four witnesses meaningfully prejudices Defendants' ability to prepare for a trial that is still seven months away.  The Court therefore finds that Plaintiff's amendment is necessary to prevent manifest injustice and GRANTS the motion (Docket No. 53).  The Amended Final Pretrial Order (Docket No. 53-1) is APPROVED and made an Order of the Court.  Any motion to reopen discovery shall be filed with the Court no later than March 17, 2015.


Dated: March 3, 2015             */s/ Michael J. Watanabe*
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge