IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02539-WYD-MJW

KENNETH MURPHY,

      Plaintiff,

v.

THE CITY OF AURORA, a Colorado Municipal Corporation;
DANIEL OATES, in his individual capacity and in his official capacity as Chief of the
Aurora Police Department,

      Defendants.

---

**ORDER**

---

I.      <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion for Summary

Judgment of Defendants City of Aurora and (Former) Chief Daniel Oates, in his Official

Capacity (ECF No. 87) filed July 10, 2015.[1]  This is a lawsuit involving claims of

retaliation in violation of the First Amendment.  As I detailed in my previous Order, dated

March 23, 2015, Plaintiff Kenneth Murphy, a former Division Chief for the Aurora,

Colorado Police Department alleges that Defendant Oates demoted him in retaliation for

testimony Murphy gave at a disciplinary proceeding against a fellow Aurora police

---

[1] I note that this is Defendant's second such motion.  On March 23, 2015, I
granted Defendant's first Motion for Summary Judgment as to Plaintiff's claims asserted
against Defendants.  (ECF Nos. 65 and 67).  However, on June 9, 2015, I granted
Plaintiff's Motion to Reconsider, allowing limited briefing on the sole issue of municipal
liability as it relates to whether the City of Aurora can be held liable for Chief Oates'
decision to demote Murphy.  The Order further permitted Defendants to file the instant
motion for summary judgment on this limited issue.  (ECF No. 82).  These Orders are
incorporated by reference herein.

officer before the Aurora Civil Service Commission.  In my Order, I concluded that

although there were genuine issues of material fact as to whether Murphy's sworn

testimony given at Officer Swanson's demotion appeal hearing is protected under the

First Amendment, the claim must nevertheless be dismissed against Defendant Oates

in his individual capacity on the basis of qualified immunity.  (ECF No. 65 at 8-9).  I also

found that Murphy failed to create a genuine issue of fact with respect to his municipal

liability claim.  (ECF No. 65 at 10-12).

> Murphy filed a Motion to Reconsider, asserting that the Court was
>
> deprived of the opportunity to be briefed on the Parties' positions, the
> relevant facts, and the controlling law relating to how the decisions of an
> employee with final policymaking authority – i.e., Chief Oates – affect
> municipal liability. The Court did not receive the benefit of the Parties'
> briefs on this issue because Defendants did not move for summary
> judgment (ECF No. 25) on municipal liability as it relates to the existence
> of a municipal policy or custom, nor did Defendants assert the issue as a
> defense in the Final Pretrial Order.

(ECF No. 70 at 2).  I agreed and allowed the parties to submit limited briefing on the

sole issue of municipal liability as it relates to whether the City of Aurora can be held

liable for Chief Oates' decision to demote Murphy.  Accordingly, this Order will address

Murphy's municipal liability claim asserted against both the City of Aurora and Chief

Oates in his official capacity.

A detailed recitation of the facts is set forth in my March 23, 2015 Order and is

incorporated by reference herein.

II.    STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may

grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the . . . moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250,

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Equal Employment Opportunity Comm'n. v.*

*Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying

this standard, the court must view the evidence and draw all reasonable inferences

therefrom in the light most favorable to the party opposing summary judgment." *Atlantic*

*Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000)

(internal quotation marks omitted). All doubts must be resolved in favor of the existence

of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th

Cir. 1991). A "genuine" factual dispute is one "on which the jury could reasonably find

for the plaintiff," and requires more than a mere scintilla of evidence. *Liberty Lobby*, 477

U.S. at 252, 106 S.Ct. 2505. A factual dispute is "material" only if it "might affect the

outcome of the suit under the governing law." *Id.* at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there are no genuine

issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548,

91 L.Ed.2d 265 (1986); *Justice v. Crown Cork & Seal Co.*, 527 F.3d 1080, 1085 (10th

Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving

party to show that a genuine issue remains for trial with respect to the dispositive

matters for which he or she carries the burden of proof. *Nat'l Am. Ins. Co. v. Am.*

*Re–Ins. Co.*, 358 F.3d 736, 739 (10th Cir. 2004); *see Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As

to these matters, the nonmoving party may not rest on his or her pleadings but must set

forth specific facts.  Fed. R. Civ. P. 56(e)(2); *Matsushita*, 475 U.S. at 586–87, 106 S.Ct.

1348; *Justice*, 527 F.3d at 1085.

> Fed. R. Civ. P. 60(b) provides, in relevant part:
>
> On motion and upon such terms as are just, the court may relieve a party
> ... from a final judgment, order, or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other
> reason justifying relief from the operation of the judgment. The motion
> shall be made within a reasonable time, and for reasons (1), (2), and (3)
> not more than one year after the judgment, order, or proceeding was
> entered or taken.

Fed. R. Civ. P. 60(b).

III.    DISCUSSION

In order to establish municipal liability under § 1983 with respect to supervisor

liability, a plaintiff must prove (1) the existence of an official policy or custom; (2) a direct

causal link between the policy or custom and the injury alleged; and (3) state of mind.

*Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

> A municipal policy or custom may take the form of (1) a formal regulation
> or policy statement; (2) an informal custom amounting to a widespread
> practice that, although not authorized by written law or express municipal
> policy, is so permanent and well settled as to constitute a custom or usage
> with the force of law; (3) the decisions of employees with final
> policymaking authority; (4) the ratification by such final policymakers of the
> decisions—and the basis for them—of subordinates to whom authority
> was delegated subject to these policymakers' review and approval; or (5)
> the failure to adequately train or supervise employees, so long as that
> failure results from deliberate indifference to the injuries that may be
> caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation

marks and citations omitted).

Although I initially found in my previous Order that Plaintiff failed to put forth evidence to support a claim of municipal liability, after carefully reviewing the supplemental filings submitted with leave of the Court and viewing the evidence in the light most favorable to Plaintiff Murphy, I find that there are genuine issues of material facts as to this claim. More specifically, Murphy has presented evidence as to the existence of an official policy or custom within the Aurora Police Department. There is testimony from an Aurora Police Department Deputy Chief that there was a "general or informal rule" within the Department against publically disagreeing with Chief Oates. (ECF No. 65 at 5). There is additional evidence that Chief Oates was the final decision or policymaker in that he was the one who made the decision to demote Murphy, and that the City of Aurora ratified Chief Oates' decision. Also, there is evidence that there was a direct causal link between Murphy's speech, in which he publically disagreed with Chief Oates, and Murphy's subsequent demotion handed down by Chief Oates. (ECF No. 65 at 2-5). While Defendants dispute some or all of this evidence, I find that there are genuine issues of material fact as to same. Accordingly, I find that summary judgment is not proper on Murphy's claim of municipal liability. Defendant's pending motion is denied, and the portion of my previous Order granting summary judgment as to this claim is vacated.

I also find that when I determined that Plaintiff failed to put forth evidence under *Bryson* to support a claim of municipal liability, this issue was not adequately raised in the initial motion for summary judgment. I agree with the Plaintiff that I was

"unintentionally deprived by the Parties of their positions, the facts, and the controlling law where the alleged bad actor (i.e., Chief Oates) is also an employee with final policymaking authority." (ECF No. 70 at 4).  The portion of the Final Judgment dismissing Plaintiff's municipal liability claim is vacated pursuant to Fed. R. Civ. 60(b)(1) and (6).

IV.     CONCLUSION

Based upon the foregoing, it is

ORDERED that the Defendant's Motion for Summary Judgment of Defendants City of Aurora and (Former) Chief Daniel Oates, in his Official Capacity (ECF No. 87) is **DENIED.**  It is

FURTHER ORDERED that the portion of my March 23, 2015 Order granting summary judgment as to Plaintiff's municipal liability claim (ECF No. 65) is **VACATED**. It is

FURTHER ORDERED that the portion of the Final Judgment dismissing Plaintiff's municipal liability claim (ECF No. 66) is **VACATED** pursuant to Fed. Civ. P. 60(b)(1) and (6).  This claim will proceed to a jury trial.  It is

FURTHER ORDERED that a 5-day jury trial is set for **Monday, August 15, 2016 at 9:00 a.m. in Courtroom A-1002.**  A final trial preparation conference is set for **Tuesday, August 2, 2016 at 11:00 a.m.**  The parties are reminded to review and comply with all directives set forth in my Practice Standards with respect to trial preparation.

Dated:  February 22, 2016

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge